Filed 9/17/24  P. v. Reyes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS REYES,<br><br>    Defendant and Appellant. | C099596<br><br>(Super. Ct. No. CR20191808) |

A jury found defendant Jesus Reyes guilty of corporal injury on a spouse or person in a dating relationship, false imprisonment by force or violence, and dissuading a witness.  After finding true a prior serious felony enhancement and a prior strike allegation, the trial court sentenced Reyes to the upper term on the corporal injury conviction and imposed an aggregate sentence of 18 years four months in prison.

This court affirmed the convictions but remanded for resentencing in light of then-new legislation, Senate Bill No. 567, which limited trial courts' ability to select the upper term.  On remand, the trial court resentenced Reyes to 12 years four months in prison.

1

On appeal, Reyes contends that the trial court abused its discretion in not further reducing his sentence under section 1385 by striking his prior strike conviction or by dismissing the prior serious felony enhancement. We affirm.

BACKGROUND

Reyes and the victim were in a dating relationship. (*People v. Reyes* (July 15, 2022, C092515) [nonpub. opn.].)[1] While sitting in a car, he repeatedly punched the victim in the head, head-butted her, pulled her hair, and screamed at her. (*Ibid.*) Two witnesses told Reyes to stop, but he yelled at them to mind their own business and not tell anyone about the incident, using racist language toward one of the witnesses who was wearing a head scarf. (*Ibid.*) When the victim tried to get out of the car, Reyes pulled her back in and drove off. (*Ibid.*)

In January 2020, a jury found Reyes guilty of inflicting a corporal injury on a spouse or person in a dating relationship (Pen. Code, § 273.5, subd. (a); count one), false imprisonment with force or violence (§§ 236, 237, subd. (a); count two), and two counts of dissuading a witness (§ 136.1, subd. (b)(1); counts three and four) as lesser-included offenses of witness dissuasion by threat (§ 136.1, subd. (c)(1)).[2] (*People v. Reyes*, *supra*, C092515.) The trial court found true an allegation that he had a prior serious felony conviction, which was also a strike. (*Ibid.*)

In July 2020, the trial court sentenced Reyes to 18 years four months in prison, which included the upper term of four years for the corporal injury offense, doubled to eight years for the strike prior (§ 667, subd. (e)(1)); a consecutive term of eight months (one-third the midterm) doubled to 16 months for false imprisonment; a consecutive full middle term of two years, doubled, for one witness dissuasion count; and a concurrent

---

[1] We treated Reyes's request to take judicial notice of the record in *People v. Reyes*, *supra*, C092515 as a motion to incorporate by reference and granted the request.

[2] Undesignated statutory references are to the Penal Code.

middle term of two years, doubled, for the second witness dissuasion offense. (*People v. Reyes*, *supra*, C092515.) The court imposed a consecutive five years for the prior serious felony enhancement (§ 667, subd. (a)(1)). (*People v. Reyes*, *supra*, C092515.)

Reyes appealed, arguing, among other things, that his upper-term sentence did not comply with then-newly adopted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) (Stats. 2021, ch. 731). (*People v. Reyes*, *supra*, C092515.) That enactment amended section 1170 to provide that a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) We affirmed Reyes's convictions but vacated his sentence and remanded for resentencing in light of Senate Bill No. 567. (*People v. Reyes*, *supra*, C092515.)

Following issuance of the remittitur, Reyes filed a resentencing brief urging the trial court to impose either the low or middle term based on Senate Bill No. 567 and his performance in prison. He also asked the court to dismiss his prior strike conviction as well as the five-year prior serious felony enhancement under section 1385 as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81) (Stats. 2021, ch. 721, § 1). Reyes further requested concurrent terms for both witness dissuasion offenses (counts three and four) and noted that the victim in this case had requested only a minimal sentence.

The People agreed that the trial court should impose the middle term on the corporal injury count, rather than the previously imposed upper term, but opposed any further reduction. The People's brief attached an April 2023 decision of the Board of Parole Hearings denying Reyes early release on the ground that he "pose[d] a current,

unreasonable risk of violence or a current, unreasonable risk of significant criminal activity to the community."

At a hearing in September 2023, the victim testified that she had remained in contact with Reyes and that he had changed. She stated that they both had substance abuse problems, but she was not afraid of him and wanted his sentence reduced. Reyes's daughter also testified that she had seen growth in him. Although he did not raise her because of his substance abuse, they spoke often during his most recent incarceration.

Reyes testified about his rehabilitation efforts in prison and plans upon release. While in custody, he attended classes on a range of subjects, including anger management, wellness and recovery, domestic violence, and victim awareness. He acknowledged that he suffered from substance abuse and anger issues and had a history of violent offenses, including a conviction for battery causing serious bodily injury. But while incarcerated, he had taken substance abuse classes and received no disciplinary write-ups. He used to blame others for being incarcerated but had learned to take responsibility for his actions; he wanted to be there for his family and children. He performed different jobs in prison and hoped to obtain his contractor's license and start his own business upon release.

The trial court took the matter under submission and delivered its ruling a few weeks later. The court began by recognizing that Reyes was entitled to reconsideration of "all sentencing decisions based on the changes in the law and his conduct since his arrest." It further observed that Reyes's request for a reduction in his sentence would lead to his immediate release in light of the credits he had earned while in custody.

The trial court declined to dismiss the prior strike conviction and the prior serious felony enhancement. The court acknowledged that Reyes "has done reasonably well while incarcerated. He has received no disciplinary sanctions. He has worked. He has participated in educational programs including: Computer technology, anger management, victim awareness, wellness and recovery." The court also noted that,

earlier in the year, the Board of Parole Hearings had denied Reyes's request for early release.  The court "believe[d] that Mr. Reyes'[s] efforts and participation in available programs support[ed] a reduction of his sentence," but it did "not believe a reduction that would allow for immediate release [was] appropriate."  The court thus "[did] not find good cause to dismiss the strike enhancement."  It explained that the court "has discretion to strike the enhancement for sentence under Penal Code 667(a) under Penal Code 1385."  But the court did "not find it to be in the interest of justice" to do so.

The trial court then discussed factors in aggravation.  They included that Reyes had threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, or illegally interfered with the judicial process; engaged in violent conduct that indicated a serious danger to society; had prior convictions as an adult that were numerous or of increasing seriousness; had served a prior prison term; and had performed unsatisfactorily on probation, supervision, or parole.  The court found no circumstances in mitigation.  Based on these aggravating factors and the change in law prohibiting the court from relying on them to impose an upper-term sentence, the court determined that the middle term was appropriate.

Consistent with this conclusion, the trial court imposed three years for the corporal injury offense (count one), doubled to six years for the strike prior; a consecutive one-third the midterm of eight months for the false imprisonment offense (count two), doubled to one year four months for the strike; and concurrent midterm sentences of two years each, doubled to four years, for the witness dissuasion offenses (counts three and four), the latter of which the court stayed under section 654.  The court also imposed five years for the prior serious felony enhancement.  The aggregate sentence was 12 years four months in prison.

Reyes timely appealed.

DISCUSSION

Reyes contends that the trial court abused its discretion by failing to strike his prior strike conviction or dismiss the five-year prior serious felony enhancement. Having reviewed the record, we conclude that the trial court acted within its discretion.

I.

Under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, a trial court has discretion under section 1385, subdivision (a) to strike a prior serious felony conviction when the defendant falls outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 160-161.) In deciding whether to strike a prior conviction, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

We review a trial court's refusal to strike a prior felony conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A trial court abuses its discretion when it is unaware of its discretion to strike a conviction, considers impermissible factors, or if the sentencing norm under the Three Strikes law leads, as a matter of law, to an arbitrary, capricious, or patently absurd result under the circumstances of the individual case. (*Id.* at p. 378.) It is not sufficient to show that reasonable people might disagree about whether to strike a prior conviction. (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

In this case, the record demonstrates that the trial court considered the relevant factors—including Reyes's criminal conduct, background, prospects, and rehabilitative efforts—in declining to strike his prior conviction. With respect to his criminal conduct, Reyes acknowledged at the resentencing hearing that he had a history of criminal

6

offenses, many violent. Reyes's history included convictions for battery causing serious bodily injury, assault with a deadly weapon, battery, receiving stolen property, stalking, failure to appear, and assault on an inmate with a deadly weapon or force likely to cause great bodily injury with a great bodily injury enhancement. While it is true, as Reyes argues, that his current offenses do not qualify as violent felonies under section 667.5, subdivision (c), he was convicted for engaging in acts of violence, including punching the victim in the head repeatedly, head-butting her, and pulling her hair. (*People v. Reyes*, *supra*, C092515.) He threatened two eyewitnesses who tried to intervene. (*Ibid.*) The court could reasonably consider these facts in addition to Reyes's extensive criminal history in determining whether he fell outside the spirit of the Three Strikes law.

The trial court also reasonably considered that the Board of Parole Hearings had recently denied Reyes early release after finding that he posed an unreasonable risk of violence or significant criminal activity. The Board did not believe that the programs or classes Reyes had taken while in custody sufficiently addressed his decade-long pattern of engaging in assaultive conduct. This evidence further supported the court's decision, particularly because dismissing the strike would have resulted in Reyes's immediate release.

Reyes argues that the trial court failed to adequately consider his rehabilitation efforts while in custody, but the court's ruling makes clear that it took them into account. The court heard testimony and received documentary evidence concerning Reyes's time in custody. In resentencing him, it expressly "acknowledge[d] that Mr. Reyes has done reasonably well while incarcerated" and noted his discipline-free record and work and educational activities. The court did not, as Reyes argues, limit its consideration of his rehabilitation efforts to its decision to impose a concurrent sentence on count three. With respect to that count, the court explained that it had considered (among other things) Reyes's post-arrest conduct as well as the fact that the court had declined to dismiss the

prior conviction enhancement. But the transcript makes clear that the court did not take evidence of Reyes's rehabilitative efforts into account *only* with respect to that count.

In light of the record before it, the trial court did not abuse its discretion in declining to strike the prior strike conviction.

II.

We also reject Reyes's contention that the trial court erred in applying section 1385, subdivision (c). Effective January 1, 2022, Senate Bill No. 81 amended section 1385 to provide that a sentencing court "shall dismiss an enhancement if it is in the furtherance of justice to do so," unless prohibited by any initiative statute. (§ 1385, subd. (c)(1).) In exercising its discretion under this provision, the court "shall consider and afford great weight" to evidence that any of nine enumerated mitigating circumstances is present. (§ 1385, subd. (c)(2).) "Proof of the presence of one or more of [the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*) The term "endanger public safety" means "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

In *People v. Walker* (2024) 16 Cal.5th 1024, our state supreme court interpreted these provisions. It held that if a trial court "does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1036, quoting *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098.)

8

The trial court did not abuse its discretion in concluding that dismissing the enhancement was not in the interest of justice. Reyes asserts that two mitigating circumstances weighed greatly in favor of dismissing the prior serious felony enhancement: his current offense is not a violent felony as defined in section 667.5, subdivision (c) and the enhancement is based on a prior conviction that is more than five years old (§ 1385, subd. (c)(2)(F) & (H)). The record in this case, however, contains substantial, credible evidence of countervailing factors that the trial court could reasonably conclude overcame the great weight of those mitigating circumstances such that dismissal was not in the furtherance of justice.

The trial court explained that it did not believe it was in the interest of justice to dismiss the prior serious felony enhancement because doing so would have the practical effect of immediate release. This conclusion was supported by, among other things, the Board of Parole Hearings' then-recent decision concluding that early release posed an unreasonable risk to public safety. The record also supports the trial court's finding of a number of aggravating circumstances. (*People v. Walker*, *supra*, 16 Cal.5th at p. 1033 [trial courts retain discretion to impose enhancements "based on circumstances 'long deemed essential to the "furtherance of justice" inquiry,' " citing circumstances in aggravation set forth in Cal. Rules of Court, rule 4.421.) The trial court's decision not to dismiss the prior serious felony enhancement was not so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

In light of our conclusions, we reject Reyes's additional contention that the trial court's asserted abuse of discretion also constituted a violation of due process.

9

# DISPOSITION

The judgment is affirmed.


/s/_____
FEINBERG, J.


We concur:


/s/_____
EARL, P. J.


/s/_____
ROBIE, J.